130 N.J. Super. 104 (1974)
325 A.2d 517
MICHAEL B. NETLUCH AND MARTA NETLUCH, PLAINTIFFS,
v.
MAYOR AND COUNCIL OF THE BOROUGH OF WEST PATERSON, A MUNICIPAL CORPORATION OF NEW JERSEY, AND PLANNING BOARD OF THE BOROUGH OF WEST PATERSON, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided August 26, 1974.
*105 Mr. Anthony M. Cerasani for plaintiffs.
Mr. Philip H. Mizzone, Jr. for defendants.
ROSENBERG, J.S.C.
The matter before this court is a challenge to an amendment of the West Paterson zoning ordinances. The plaintiffs are taxpayers and residents of the municipality and ask this court to declare the amendment invalid.
The area in question is known as a "B" residence district and the applicable ordinance prior to the amendment provided:
In residence "A" [and residence "B"] districts no building or premises shall be used, and no building or other structure shall be built, altered or erected, to be used for any purpose other than that of

* * * * * * * *
c. Any form of horticulture, including the sale of farm products on properties where produced except the keeping of livestock and all other animals except household pets.
On November 28, 1973 the municipal council of West Paterson caused to be introduced Ordinance No. 73-7 entitled, *106 "AN ORDINANCE TO AMEND CHAPTER XXII OF THE ORDINANCES OF THE BOROUGH OF WEST PATERSON WHICH IS KNOWN AS `THE ZONING ORDINANCE OF THE BOROUGH OF WEST PATERSON,' ADOPTED DECEMBER 29, 1972." This amendment to section 22-5.1(c) provided that
Any form of horticulture, including the sale of farm products on properties where produced except the keeping of livestock and all other animals except household pets and horses or ponies kept for non-commercial purposes providing said horses and ponies are kept on property which has a minimum lot size of one acre or more and said horses or ponies are kept in a building no part of which is closer than 20 feet to any dwelling on the same plot or within 50 feet of any property line. [Emphasis supplied]
It is to be noted that the amendment explicitly allowed the keeping of horses and ponies while the original ordinance appears to preclude livestock. We need not consider the connotation of any phrases in the original ordinance, for such construction has not been placed properly in issue before this court. All the parties ask is a determination of whether the amendment to the ordinance is valid. The invalidity of the amendment is basically premised, as we may surmise from plaintiff's brief, on the existence of self-interest by one of the councilmen in its passage. In contemplating the grounds for determining the ordinance's invalidity, we find only one valid basis for striking down the ordinance, to wit: the self-interest of Councilman May in its passage.
On November 28, 1973 the amendment was introduced for consideration by a vote of five in favor and one opposed. The affirmative votes included that of Councilman May. It is noteworthy that the minutes of the council meeting of November 28, 1973 indicate that the mayor of West Paterson, who is a voting member of the council, stated that he thought the ordinance was tailor-made for the benefit of one member of the council who sat in on its preparation. He further stated that he did not think it was fair to the community to *107 adopt the amendment with such great speed, in that it was the end of the year and evidently a new council was to be seated. On December 12, 1973 the statutory public hearings were held on the adoption of the amendment, at which diverse views of a small percentage of the townspeople were heard. On December 28, 1973 the amendment was passed by a vote of five in favor of passage, one against and Councilman May's abstention. It is to be noted that May had not abstained on the introduction of the amendment, though he was interested as the owner of horses in the outcome. The ordinance that was passed contained additions from the original proposed on November 28, 1973. The additions were directed to certain requirements as to quartering and cleaning the horses. No public hearing was held as to the additions, nor were they caused to be published.
Neither party presented any witnesses at trial, leaving all facts and inferences to be drawn from the minutes of the council meetings. It is difficult to understand plaintiffs' hesitancy to carry their burden further than a mere reliance on the council records.
The issue squarely before this court is whether an amendment to a zoning ordinance is to be declared invalid because a voting member of the municipal council who had a direct interest in its passage was one of those who caused it to be introduced for consideration, though abstaining from voting on its passage.
At the outset, it is to be noted that this court has neither been directed to nor can it discover a case wherein an interested member of a municipal council has merely voted to introduce an ordinance but abstained from voting on its passage, and the ordinance was subsequently attacked on the basis of self-interest. Thus, the case must be decided upon its unique set of facts superimposed on the existing law in New Jersey.
It is clear that the public is entitled to have their representatives perform their duties free from any personal *108 or pecuniary interest that might affect their judgment. Bracey v. Long Branch, 73 N.J. Super. 91, 96 (Law Div. 1962). Consequently, self-interest of a public officer in a matter in which he has a direct voice may invalidate municipal action. The purpose of this rule is prophylactic, that is, to prevent the possibility of an official in a position of self-interest to deviate from his sworn public trust. McNamara v. Saddle River, 64 N.J. Super. 426, 429 (App. Div. 1960). Perhaps the leading case espousing the doctrine that an ordinance is voidable when tainted with self-interest is Pyatt v. Mayor, etc., Dunellen, 9 N.J. 548 (1952). There, ordinances were set aside which vacated a public street that abutted the property of the corporate employer of two of the councilmen of a municipality. It was opined that where a council uses a process calling for the exercise of discretion by the governing body, that process, according to the weight of conflicting public considerations, is judicial in nature. Therefore, ordinances are voidable if any one of the councilmen who participated as a quasi-judge was disqualified by reason of private interest at variance with the impartial performance of his public duty. Aldom v. Roseland, 42 N.J. Super. 495, 501 (App. Div. 1956).
Accepting, therefore, the premise that self-interest may invalidate an ordinance, we turn to the question of the quantum of self-interest required for the tainting. There is no mathematical formula from which precise values can be ascertained, and thus whether a particular self-interest is sufficient for tainting purposes depends on the facts and circumstances in each case. Griggs v. Princeton Borough, 33 N.J. 207, 219 (1960); Van Itallie v. Franklin Lakes, 28 N.J. 258, 268 (1958). It also appears that it is not an actual conflict of interest which is decisive, nor whether the public official succumbs to the temptation, but rather whether there is a potential for conflict. Aldom v. Roseland, supra, 42 N.J. Super. at 502. Applying these principles to the instant case, this court finds that the municipal council of *109 West Paterson, and more specifically Councilman May, certainly did not place the proverbial cart before the horse, the cart in this case being West Paterson. It appears that Councilman May was to be a direct beneficiary of the amendatory ordinance, as evidenced by the remarks of Mayor Bauman stated earlier in this opinion. It therefore appears to this court that a potential for conflict or actual conflict is present inferentially. No evidence of denial or justification has been presented by defendants on this point. However, as stated earlier, the case is novel since May did not vote on the passage of the amendatory ordinance, but rather on its introduction. Surely it is not illogical to say that were it not for the introduction, the ordinance could never have been passed. It is true that there would be no pecuniary gain to May by the passage of this ordinance; however, money cannot buy what an unfavorable zoning ordinance prohibits.
The personal or private interest which disqualifies may be identified generally as one which is different from that which the public officer holds in common with members of the public. Aldom v. Roseland, supra at 507. Obviously, in the instant case at least plaintiffs have views differing from May's regarding the keeping of horses.
It is noted that May's vote in the introduction or passage would not be necessary for a majority. This, of course, is clearly immaterial. Aldom v. Roseland, supra at 507.
If we are to give credence to the quoted language of the court in Pyatt, supra, 9 N.J. at 557, stating that infection of the concurrence of the interested person spreads, then perhaps the infection of a tainted introduction led to a tainted passage.
This court, therefore, is of the opinion that the amendatory ordinance is invalid for reasons of self-interest.
Submit an order accordingly.