The Honorable Bill Scrimshire State Representative 1712 Haltom Road Malvern, AR 72104-2107
Dear Representative Scrimshire:
You have requested an Attorney General opinion concerning a conflict of interest involving a school board member.
You indicate that the Fountain Lake School District is a defendant in a class action taxpayers' lawsuit filed for the benefit of the class of all taxpayers in Saline County. You state that three members of the Fountain Lake School Board are, by virtue of their residence in Saline County, members of the class of plaintiff taxpayers. Two of these three have executed statements opting out of the plaintiff class and forfeiting any right or claim in the lawsuit. The other member has not done so.
In light of the foregoing scenario, you have presented the following questions:
 (1) Is a school board member who is also a member of a plaintiff class of taxpayers who have sued the school district disqualified from attending, participating, and voting in school board meetings regarding the lawsuit, if he has not opted out of the plaintiff class?
 (2) If this board member is disqualified from attending, participating, and voting in school board meetings regarding the lawsuit, do the remaining members of the school board have the power to declare him disqualified and exclude him from attending, participating, and voting in school board meetings regarding the lawsuit, or have any other right or cause of action to seek his disqualification and removal from the board on issues regarding the lawsuit?
RESPONSE
Question 1 — Is a school board member who is also a member of a plaintiffclass of taxpayers who have sued the school district disqualified fromattending, participating, and voting in school board meetings regardingthe lawsuit, if he has not opted out of the plaintiff class?
It is my opinion that the school board member about whom you have inquired is not automatically "disqualified" from attending, participating, or voting in school board meetings regarding the lawsuit. No statutes expressly prohibit the situation you have described. He is therefore not required by law to abstain from participation in board action involving the lawsuit. However, as explained more fully below, his act of participating could be challenged as a violation of the doctrine of common law conflicts of interest. Whether such a challenge would be successful will depend entirely on whether the factual evidence that is presented can establish that he acted out of self-interest, and whether such act was detrimental to the interest of those he represents.
The common law prohibition against conflicts of interest is reflected in the following description of the public policy underlying the principle:
 A public office is a public trust . . . and the holder thereof may not use it directly or indirectly for personal profit, or to further his own interest, since it is the policy of law to keep an official so far from temptation as to insure his unselfish devotion to the public interest. Officers are not permitted to place themselves in a position in which personal interest may come into conflict with the duty which they owe to the public, and where a conflict of interest arises, the office holder is disqualified to act in the particular matter and must withdraw.
67 C.J.S. Officers § 204. See also Ops. Att'y Gen. 99-349; 98-275; 94-283; and 94-446, citing Van Hovenberg v. Holman, 201 Ark. 370,144 S.W.2d 719 (1940); Madden v. United States Associates, 40 Ark. App. 143,844 S.W.2d 374 (1992); Acme Brick Co. v. Missouri Pacific R.R.,307 Ark. 363, 821 S.W.2d 7 (1991); and 63A Am. Jur. 2d Public Officers and Employees § 321.
The above-quoted policy statement concerning conflicts of interest makes clear that in situations where a common law conflict of interest is present, it may be appropriate for the affected public servant to abstain from participating in any decision-making procedure that would impact upon his or her personal interests, so as to avoid the temptation of placing his self-interest above the interest of those he was elected to represent. This policy statement appears to indicate that the wrong to be avoided is the placing of self-interest above public duty. Whether a wrong of this nature has occurred is entirely a question of fact and can only be established by the presentation of factual evidence showing both the motivation and the effect of the public servant's act.
When these principles are applied to the board member about whom you have inquired, it is clear that if this board member participates in board action concerning the class action lawsuit, his actions could potentially be influenced by his personal interest in the lawsuit, as a member of the plaintiff class. His duty as a board member to represent the electors who placed him on the board and to act in the interest of the school district could thus be skewed by the conflict. If this member were perceived as having placed his own interest above that of his electors and the school district, his act of participation in board decisions concerning the lawsuit could be challenged on this basis. It may therefore be advisable for this member to abstain from participating in any board action concerning the lawsuit, so as to avoid giving rise to such challenges. However, his abstention is not legally required.
Question 2 — If this board member is disqualified from attending,participating, and voting in school board meetings regarding the lawsuit,do the remaining members of the school board have the power to declarehim disqualified and exclude him from attending, participating, andvoting in school board meetings regarding the lawsuit, or have any otherright or cause of action to seek his disqualification and removal fromthe board on issues regarding the lawsuit?
It is my opinion that despite the apparent conflict of interest that arises from the participation of the board member about whom you have inquired, the remaining board members do not have the authority to declare him disqualified, or to exclude him from attending, participating, or voting in school board meeting regarding the lawsuit. This individual is an elected official who was placed in office by the democratic process. He represents a body of constituents who, by their votes, voiced their preference that he be placed in office. The other school board members have no legal authority to contravene the preference of the electorate. If this board member's constituents are dissatisfied with the situation concerning his conflict of interest, they have the option of replacing him in the next election at which his position becomes available.[1]
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] I note that Arkansas law previously provided a mechanism for recalling elected school board members. See Acts 1958, No. 9 (2nd Ex. Sess.). That act has been repealed.