## ACME BRICK COMPANY v. MISSOURI PACIFIC RAILROAD COMPANY

91-166                                                    821 S.W.2d 7

Supreme Court of Arkansas
Opinion delivered December 9, 1991
[Rehearing denied January 13, 1992.]

*Kemp, Duckett, Hopkins & Spradley*, by: *James M. Duckett*, for appellant.

*Friday, Eldredge & Clark*, by: *Herschel H. Friday, Michael G. Thompson*, and *Robert S. Shafer*, for appellee.

DONALD L. CORBIN, Justice. This appeal involves appellee's petition to discontinue a spur track providing service to appellant in Sebastian County. Pursuant to Ark. Code Ann. § 23-12-607 (1987), appellee filed with the Arkansas Highway Commission a petition to discontinue the spur track. Appellant was not represented by counsel at the hearing held on May 24, 1990, at which the Commission granted appellee's petition. Appellant filed a motion for reconsideration and a motion to recuse on July 26, 1990. The Commission denied both motions on August 1, 1990.

Appellant appealed to the Pulaski County Circuit Court, which affirmed the Commission's order on March 28, 1991. Appellant appealed the circuit court's decision to this court pursuant to Ark. Code Ann. § 23-2-425 (1987). Appellee filed a motion to amend the judgment pursuant to ARCP Rule 52(b), which the trial court denied. Appellant appealed again and appellee cross-appealed. Appellant then filed a motion to set aside the judgment pursuant to ARCP Rule 60(b) and attached as an exhibit thereto a letter from the Commission to the circuit court

stating the Commission had applied the wrong standard of proof in the hearing below. The Commission filed a petition to intervene on the basis that it applied the wrong standard of proof and asked the trial court to remand for application of the proper standard of proof. Both the motion to set aside the judgment and the petition to intervene were denied by the trial court on June 12, 1991. Appellant appealed to this court again.

Our standard of review of Arkansas Highway Commission cases is a product of both statutory law and case law. Section 23-2-425(b)(3) provides the procedure for judicial review of the Commission's order and states in pertinent part that "any finding of fact by the circuit court shall not be binding on the Supreme Court, and the Supreme Court may and shall review all the evidence and make such findings of fact and law as it may deem just, proper, and equitable." In *Arkansas Commerce Comm'n* v. *St. Louis S.W. Ry.*, 247 Ark. 1032, 448 S.W.2d 950 (1970), we interpreted this statute to mean that we review the Commission's cases in the same manner as chancery cases, therefore our review is *de novo*. However, in making the *de novo* review, we do not completely ignore the findings of the Commission. *Torrans* v. *Arkansas Commerce Comm'n*, 246 Ark. 930, 440 S.W.2d 558 (1969). Thus, our review on appeal is *de novo*, however, we must affirm if the Commission's decision is not contrary to the preponderance of the evidence. *Id.*; *see Transport. Co.* v. *Champion Transp., Inc.*, 298 Ark. 178, 766 S.W.2d 16 (1989).

On appeal, appellant asserts two points of error. First, appellant contends the trial court erred in not reversing the Commission's decision because it relied on the wrong standard of proof in considering the application to discontinue the spur track. Second, appellant argues the trial court erred in not reversing the Commission's decision because the Commission's act in hearing the petition created an appearance of bias. On cross-appeal, appellee makes two arguments. First, appellee argues appellant's objection to the Commissioners' hearing this case was untimely and therefore waived. Second, appellee argues the circuit court erred in finding the Commissioners should have disqualified themselves. We affirm the trial court's judgment in all respects.

Appellant's first argument is that the Commission applied the wrong standard of proof when it considered appellee's petition

to discontinue the spur track. In the order granting appellee's petition, the Commission stated that section 23-12-607 requires the Commission to hear and consider all petitions filed with it for the discontinuance of railroad spurs and that Ark. Code Ann. § 23-12-611 (1987) provides the standard of proof to be used in determining whether the spur track should be abandoned. The order also stated that *City of Caraway* v. *Arkansas Commerce Comm'n*, 248 Ark. 765, 453 S.W.2d 722 (1970), a case involving the abandonment of an agency station, was persuasive and controlling in the current matter before the Commission.

Upon receipt of the Commission's order, appellant filed a motion for reconsideration arguing that "[t]he standard of proof relied upon by the Commission was improper because it is the standard of proof for considering an application to discontinue an agency station, rather than abandonment of a spur. The Commission's reliance on the standard of proof in Ark. Code Ann. § 23-12-611 was legal error." Because section 23-12-611 and *Caraway, supra,* both involve agency stations rather than spurs, appellant claims the Commission erred in relying on them to determine the standard of proof applicable to the spur petition. Noticeably absent from appellant's motion for reconsideration is a statement of what appellant believed to be the correct standard of proof applicable to appellee's petition to discontinue the spur track. Because of this omission, we conclude appellant is precluded from raising this argument on appeal.

■ We recognize that on appeal to the circuit court and in its brief to this court, appellant argued that the standard of proof to be applied to appellee's petition is found in Ark. Code Ann. § 23-11-209(6) and (7) (1987). However, a proffer at this late stage of what the correct standard of proof should be does not preserve appellant's point for our review. We have stated that an objection below must be specific enough to appraise the lower court of the particular error complained of. *See Bohannan* v. *Underwood,* 300 Ark. 110, 776 S.W.2d 827 (1989). We think the current situation is analogous to the objection to instructions of law. In order to preserve the issue for appellate review, when objecting to the giving of an erroneous instruction, one must make a timely and specific objection to the instruction the trial court intends to give; when objecting to the trial court's failure to give an instruction, the objector must offer an alternative instruction

which he or she believes to be the correct statement of the law. *Thomas Auto Co.,* v. *Craft,* 297Ark. 492, 763 S.W.2d 651 (1989); ARCP Rule 51. This requirement is consistent with the principle that the trial court should be informed of the particular error of which the objector is complaining. The trial court's ruling on the proffered matter then provides a record for appellate review. Without a proffer to the trial court and its ruling thereon, there is nothing for our review.

■ It is likely that appellant was not aware that the Commission was applying the standard of proof for the abandonment of agency stations in section 23-12-611 to appellee's petition until it received the Commission's written order stating it had indeed applied that standard. Therefore, it was not until it filed its motion for reconsideration that appellant was required to proffer a statement of what it believed to be the correct standard of proof. Appellant's failure to proffer an alternative standard of proof left the Commission unaware of the particular error of which appellant complained. Appellant's failure results in the following situation described in the circuit court's judgment:

> The Court finds that Ark. Code Ann. § 23-11-209 (6) and (7) (1987), which the Appellant argues is the applicable statute, does not contain a standard of proof. The Commission chose the standard set forth in Ark. Code Ann. § 23-12-611 (1987) which is applicable to the discontinuance of agency stations. Until such time as the legislature provides an explicit standard of proof in Ark. Code Ann. § 23-12-607 (1987) for the removal of spur tracks, there is no basis for the Court to reject the standard adopted by the Commission.

Accordingly, there is no basis for us to affirm or reverse the application of the standard used by the Commission and we hold appellant has failed to preserve this issue for our review.

Because appellant's second point on appeal and appellee's points on cross-appeal are interrelated, we consider them together. Appellant contends it was error for the trial court to affirm the Commission's decision because there was an appearance of bias in that counsel for appellee was simultaneously representing the Commission and its members in two pending lawsuits. Appellant did not discover the alleged appearance of bias until

after the Commission entered its order in this case. At the time appellant discovered the potential appearance of bias, appellant filed a motion to recuse as part of its motion for reconsideration which the Commission denied without explanation. On cross-appeal, appellee contends appellant's objection to the appearance of bias was untimely and therefore appellant has waived this argument on appeal. Appellee also contends the trial court erred in finding the Commissioners should have recused. Appellee argues this finding is inconsistent with the trial court's ruling affirming the Commission's decision.

In support of its argument that the trial court erred in not reversing the Commission's denial of the motion to recuse, appellant cites the following rule of law:

> [A]ny tribunal permitted by law to try cases and contro-versies not only must be unbiased, but also must avoid even the appearance of bias.

*Commonwealth Coatings Corp.* v. *Continental Casualty Co.*, 393 U.S. 145, 150 (1968).

■ There is no doubt that we have adopted the "appear-ance of bias" standard with respect to judges. *City of Jackson-ville* v. *Venhaus*, 302 Ark. 204, 788 S.W.2d 478 (1990); Arkan-sas Code of Judicial Conduct, Canon 2. We have extended the appearance of bias standard to lawyers, even though this particu-lar standard is not expressly stated in the Rules of Professional Conduct. This extension of the standard is made because the meaning of the appearance of bias standard pervades the Rules of Professional Conduct and embodies their spirit. *First Am. Carriers, Inc.* v. *Kroger Co.*, 302 Ark. 86, 787 S.W.2d 669 (1990). The Arkansas Highway Commission is authorized by statute to decide all matters which come before it. Ark. Code Ann. § 23-2-211 (1987). There is a right of appeal of the Commission's decisions to circuit court and to this court. Ark. Code Ann. § 23-2-425 (1987). Thus, the members of the Commission, although not judges and therefore not subject to the appearance of bias standard in the Judicial Code of Conduct, perform a quasi-judicial function and therefore, by analogy, should be subject to the appearance of bias standard for judges. This extension of the standard is consistent with the extension of the standard to lawyers acting in a non-judicial capacity. *See*

*Kroger, supra.*

When applying the appearance of bias standard to the facts of this case, we conclude the representation of both appellee and the Commissioners by appellee's counsel created an appearance of bias or impropriety on the Commissioners' part mandating their recusal from consideration of appellee's petition. However, we recognize, as did the trial judge, the absence of a procedure for the appointment of special Commissioners to hear this case.[1] The trial court was correct in concluding:

> The Court further finds, however, there must be a remedy for persons subject to regulation by the Commission. If this case were to be remanded to the Commission with instructions that the Commissioners recuse themselves, there would be no one to hear it. There is no procedure in place for the appointment of special Commissioners. The Court will not relegate a case to such status, where in effect it would be lost to further action by the Commission for the indefinite future, pending possible legislative action creating authority to appoint special commissioners.

Although without expressly stating so, the trial court applied the rule of necessity as an exception to the Commissioners' disqualification. The rule of necessity, as stated in terms particularly applicable to administrative officers, is as follows:

> Under the doctrine or rule of necessity, it has been held that administrative officers or bodies are not disqualified because of bias, prejudice, or prejudgment of the issues where they alone have the power and authority to act and where, if they are disqualified, action cannot otherwise be taken, particularly where a failure of justice would result if they are not permitted to act. . . .

> The doctrine or rule of necessity has been held to apply only where the disqualification of the alleged prejudiced member or members of the tribunal would

---

[1] Act 153 of the First Extrordinary Session of 1989 abolished the Arkansas Transportation Commission and repealed the procedure for the appointment of special Commissioners.

destroy the tribunal itself, leaving no competent tribunal to function or to act.

73 C.J.S. *Public Administrative Law and Procedure* § 61(b) (1983).

We have previously adopted the rule of necessity in *Wheatley* v. *Warren*, 232 Ark. 123, 128, 334 S.W.2d 880, 883 (1960), where we held that an exception to disqualification occurs "where the authority of the administrative officer is exclusive, and no legal provision for calling in a substitute is provided." Accordingly, we conclude that although the Commissioners' hearing this case created an appearance of bias that would ordinarily have required them to disqualify themselves from considering appellee's petition, the rule of necessity, as implicated by the absence of a procedure to appoint special Commissioners, excepted their disqualification. Thus, because there was no statutory procedure in place for the replacement of the Commissioners, it was necessary for them to hear appellee's petition and they did not commit reversible error by doing so. We note that the absence of the procedure for appointment of special Commissioners is an area of the law which the legislature may choose to reconsider.

With respect to appellee's points on cross-appeal, we note that our application of the rule of necessity precludes consideration of appellee's waiver argument. We also note there is neither error nor inconsistency in the lower court's finding that the Commissioners should have recused and its ultimate holding that recusal was not warranted because there would be no one to hear the case. The rule of necessity cures any initial appearance of inconsistency, for the rule is itself an exception to the requirement of disqualification.

Based on the foregoing, we conclude the circuit court's decision is not against the preponderance of the evidence. The decision is thus affirmed on appeal and cross-appeal.