Ms. Didi Sallings, Executive Director Arkansas Public Defender Commission 101 East Capitol, Suite 201 Little Rock, Arkansas 72201
Dear Ms. Sallings:
This is in response to your request for an opinion on the compilation of the list of private attorneys available for appointment to represent indigent defendants in trial and post conviction death cases. Your question is whether your husband, a privately employed attorney, may be included on the list of eligible attorneys.
Specifically, you note that under A.C.A. § 16-87-203 (Supp. 1997), the Arkansas Public Defender Commission is required to develop and maintain a list of attorneys qualified to act as lead and co-counsel in death cases. You also note that the Commission is required under Acts1997, No. 1341, to pay all expenses, including attorneys fees, associated with death penalty cases. The same is true for post-conviction death proceedings. See Arkansas Rule of Criminal Procedure 37.5 and A.C.A. §16-91-202(d) and (f) (Supp. 1997). You note that the appointed attorneys are paid by submitting an itemized statement to the trial judge who then signs an order requiring the Commission to pay the fees. You note that currently each judge sets the hourly rate, or decides whether to pay the hourly rate requested. The judges have asked that you make a recommendation as to a reasonable hourly rate for attorneys in all types of cases. You are working on such a recommendation, but have not yet furnished one. You note that a pressing need exists to increase the pool of qualified attorneys, and the judges who handle these types of cases have asked that you make an effort to expand the list of available attorneys. You note that your husband's experience in death penalty cases clearly meets the minimum standards for lead counsel in a death case.
A review of the pertinent laws reveals that the respective trial judges appoint the private attorneys. See Arkansas Rules of Criminal Procedure 8.2(b) and 37.5(b); A.C.A. § 16-87-209(e) (referring to the "appointing court") and A.C.A. § 16-87-307(3). The courts may appoint attorneys from the list of qualified attorneys prepared by the Commission. The statutes place the duty to maintain the list on the "Commission," rather than the Executive Director, although as a practical matter the Executive Director in all likelihood currently administers the requirement. See A.C.A. §16-87-203(a)(11) and (12). As "Executive Director" of the Commission, some of your pertinent statutory duties include: 1) the maintenance of records on the assignment of cases to private attorneys (A.C.A. §16-87-204(b)(2)(E)); 2) the establishment of procedures for evaluating the performance of private attorneys, pursuant to policies and standards developed by the Commission (A.C.A. § 16-87-204(b)(7)); and 3) the allocation and disbursement of funds pursuant to guidelines established by the Commission (A.C.A. § 16-87-204(b)(5)).
Your question in light of these provisions is as follows:
 Would it be permissible to add Jerry Sallings' name to the list of attorneys available for appointment in both for trial and for post-conviction death cases?
The thrust of your inquiry involves a conflict of interest, and your question is whether such conflict would prohibit the addition of your husband's name to the list of qualified attorneys. In my opinion, no provision of statutory law squarely addresses your question, or provides a flat prohibition in this regard. In my opinion, however, at the very least, you will be disqualified, by virtue of the common law, from any participation or action relating to any appointment or service of your husband in such capacity. I do not know whether such total recusal is possible within the confines of your duties and staffing restrictions. I will note, however, that the Commission has the authority to establish personnel policies for the Commission and the public defenders. A.C.A. §16-87-203(a)(8).
At least two provisions of state law address conflict of interests on the part of public officers and employees. The first is Arkansas Code Annotated 19-11-701 to -717 that governs employee conflicts of interest and prohibits the participation of employees in matters in which they or their immediate family members have a pecuniary interest. See A.C.A. §19-11-705. The employee in such instance is required to file a written statement of disqualification with the Department of Finance and Administration. Id. It is unclear, in my opinion, however, whether the requirements of this subchapter are applicable to the facts you describe. See, e.g., A.C.A. § 19-11-701(15) and 19-11-203(23) and19-11-203(14)(I) and (Y). The Department of Finance and Administration has authority to administer this subchapter and is given the power to issue advisory opinions regarding the appropriateness of proposed courses of conduct. A.C.A. § 19-11-715(b). Consultation with officials at the Department of Finance and Administration is therefore advisable on this point.
The second applicable statute is A.C.A. § 21-8-304 which provides in pertinent part that:
 (a) No public official shall use his position to secure special privileges or exemption for himself, his spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he has a substantial financial relationship that is not available to others except as may be otherwise provided by law.
This statute of course creates a fact question as to whether a public official has "used his position" to secure "special privileges" for himself or a family member. It is doubtful, in my opinion, that the inclusion of your husband's name on the list of qualified attorneys creates a "special privilege" that is not available to others. Section 16-87-209 (Supp. 1997) of the Arkansas Code provides for notification to all licensed attorneys residing in Arkansas of the preparation of the lists, and gives them a reasonable time to submit the information requested by the Commission. A.C.A. § 16-87-209 (b) and (c). Attorneys may not be excluded from the lists unless the Capital, Conflicts, and Appellate Office states in writing the reasons for such action, and any attorney thus excluded may appeal the decision to the Arkansas Supreme Court. See A.C.A. § 16-87-209(d)(3)(A). This statute, in all likelihood, is therefore not violated by the mere inclusion, standing alone, of your husband's name of the list.
In my opinion, however, even if the two statutory provisions noted above are inapplicable, a common law doctrine will in all likelihood require your withdrawal from any decisions or actions involving the appointment or service of your husband as an appointed attorney. It has been stated that:
 A public office is a public trust . . . and the holder thereof may not use it directly or indirectly for personal profit, or to further his own interest, since it is the policy of law to keep an official so far from temptation as to insure his unselfish devotion to the public interest. Officers are not permitted to place themselves in a position in which personal interest may come into conflict with the duty which they owe to the public, and where a conflict of interest arises, the office holder is disqualified to act in the particular matter and must withdraw.
67 C.J.S. Officers § 204. See also Ops. Att'y Gen. 94-283 and 94-446,citing Van Hovenberg v. Holman, 201 Ark. 370, 144 S.W.2d 719 (1940);Madden v. United States Associates, 40 Ark. App. 143, 844 S.W.2d 374
(1992); Acme Brick Co. v. Missouri Pacific R.R., 307 Ark. 363,821 S.W.2d 7 (1991); and 63A Am. Jur. 2d Public Officers and Employees
§ 321.
In my opinion, therefore, your recusal or withdrawal from participation in any decision regarding your husband's inclusion or service will be required under common law doctrine. Such recusal would have to include, in my opinion, a recusal from the recommendation of any rate of pay that your husband might ultimately receive. I do not have enough facts to determine whether such complete withdrawal is feasible in the given circumstances. This matter may, in my opinion, be addressed to the Commission members, who, according to my reading of the law, have authority to promulgate policies and guidelines with regard to such matters.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh