The Honorable Stuart Vess State Representative 6717 Pontiac Drive North Little Rock, AR 72116-5232
Dear Representative Vess:
You have requested an Attorney General opinion concerning conflicts of interest for public defenders.
More specifically, you have asked:
 Does it pose a conflict of interest for a person who is a privately contracted municipal public defender to be an officer of a limited liability corporation that contracts probation services to the same court?
RESPONSE
It is my opinion that the answer to this question will depend upon the particular type of service that is provided by the corporation. Because that is a determination of fact that I cannot make conclusively, I am unable to issue a definitive opinion in response to your question. However, I will discuss the applicable law as it impacts upon the facts you have provided.
This situation you have described is not expressly prohibited by any statute. That is, the situation is not deemed by law to constitute an inherent conflict of interest. Indeed, the statutes governing public defenders were recently amended to repeal sections that created prohibitions of specific conflict-of-interest situations. See Acts 1999, No. 1564, § 2. Rather, the public defender statutes deal more generally with how conflicts of interest should be dealt with. See A.C.A. §16-87-307. They do not state what circumstances constitute a conflict of interest.
A common law conflict of interest could arise in the situation you have described, depending upon the type of service provided by the corporation of which the public defender is an officer.
The common law prohibition against conflicts of interest is reflected in the statement that:
 A public office is a public trust . . . and the holder thereof may not use it directly or indirectly for personal profit, or to further his own interest, since it is the policy of law to keep an official so far from temptation as to insure his unselfish devotion to the public interest. Officers are not permitted to place themselves in a position in which personal interest may come into conflict with the duty which they owe to the public, and where a conflict of interest arises, the office holder is disqualified to act in the particular matter and must withdraw.
67 C.J.S. Officers § 204. See also Ops. Att'y Gen. Nos. 98-275; 94-283, and 94-446, citing Van Hovenberg v. Holman, 201 Ark. 370, 144 S.W.2d 719
(1940); Madden v. United States Associates, 40 Ark. App. 143,844 S.W.2d 374 (1992); Acme Brick Co. v. Missouri Pacific R.R.,307 Ark. 363, 821 S.W.2d 7 (1991); and 63A Am. Jur. 2d Public Officers and Employees § 321.
You indicate that in the situation you have described, the corporation in which the public defender is an officer provides services such as "monitoring time pay agreements, performing drug screening, monitoring community services agreements, and similar service performed by the probationers under order of the municipal court."
If such services by the corporation would place the corporation in the position of monitoring any matter involving the contracts or activities of public defenders, or any matter involving persons who would be represented by public defenders, it is my opinion that a conflict of interest could exist. The interest of contract public defenders, as well as the interest of persons represented by public defenders, is likely in many instances to be inherently adverse to the interest of the municipality on whose behalf the corporation would be working. Such adversity could impact upon the ability of both the corporation and the contract public defender to perform their jobs with adequate impartiality.
I reiterate, however, that the particular facts of the specific situation will ultimately be determinative of your question.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh