The Honorable Floyd G. Rogers Circuit/Chancery Judge 21st Judicial District Crawford County Courthouse Van Buren, AR 72956
Dear Judge Rogers:
You have requested an Attorney General opinion concerning a possible conflict of interest involving a deputy sheriff and a local bonding company.
You indicate that it has come to your attention that a local bonding company has an employee who is married to a deputy with the Sheriff's Department.
Concerning this situation, you have asked:
 If a member of law enforcement is married to a bonding company employee, does a conflict of interest arise?
It is my opinion, as explained more fully below, that although the situation you have described is not expressly prohibited by statute, several statutes, as well as the doctrine of common law conflict of interest provide guidelines for determining whether a questionable conflict of interest may exist.
As indicated above, the situation you have described is not expressly prohibited by statute.[1] Nevertheless, several statutes are pertinent to the situation and should be considered in determining the propriety of the situation. It should be noted that the question of whether any impropriety has occurred under these statutes will be a question of fact that will turn on individual circumstances. That is, these statutes do not prohibit the situation you have described, but rather the abuse of such a situation.
First, A.C.A. § 14-14-1202(a) states in pertinent part:
 (a) PUBLIC TRUST. The holding of public office or employment is a public trust created by the confidence which the electorate reposes in the integrity of officers and employees of county government. An officer or employee shall carry out all duties assigned by law for the benefit of the people of the county. The officer or employee may not use his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest or that of an immediate member of his family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally.
A.C.A. § 14-14-1202(a).
Similarly, A.C.A. § 21-8-304 provides in pertinent part:
 (a) No public official shall use his position to secure special privileges or exemption for himself, his spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he has a substantial financial relationship that is not available to others except as may be otherwise provided by law.
A.C.A. § 21-8-304.
Finally, A.C.A. § 14-14-1202(c)(1)(A) provides:
 (c)(1) RULES OF CONDUCT. No officer or employee of county government shall:
 (A) Be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or accept or receive any property, money, or other valuable thing, for his use or benefit on account of, connected with, or growing out of any contract or transaction of a county.
A.C.A. § 14-14-1202(c)(1)(A).
Another source of law that should be considered in determining whether the situation you have described has given rise to an impropriety is the doctrine of common law conflicts of interest. The common law prohibition against conflicts of interest is reflected in the statement that:
 A public office is a public trust . . . and the holder thereof may not use it directly or indirectly for personal profit, or to further his own interest, since it is the policy of law to keep an official so far from temptation as to insure his unselfish devotion to the public interest. Officers are not permitted to place themselves in a position in which personal interest may come into conflict with the duty which they owe to the public, and where a conflict of interest arises, the office holder is disqualified to act in the particular matter and must withdraw.
67 C.J.S. Officers § 204. See also Ops. Att'y Gen. Nos. 98-275, 94-283, and 94-446, citing Van Hovenberg v. Holman, 201 Ark. 370, 144 S.W.2d 719
(1940); Madden v. United States Associates, 40 Ark. App. 143,844 S.W.2d 374 (1992); Acme Brick Co. v. Missouri Pacific R.R.,307 Ark. 363, 821 S.W.2d 7 (1991); and 63A Am. Jur. 2d Public Officers and Employees § 321.
Although none of the above-cited statutes, cases, or other sources of law expressly prohibits the situation you have described, they do nonetheless provide guidelines for determining whether the situation has been abused, and has, under particular factual circumstances, given rise to an impermissible conflict of interest. These sources of law should be considered in evaluating the situation. I reiterate, however, that the existence of the situation itself is not prohibited by law.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] It should be noted that the statutes governing bail bondsmen do impose certain restrictions intended to prevent impermissible conflicts of interest. See A.C.A. § 17-19-105; Op. Att'y Gen. No. 98-194. These restrictions do not appear to be extensive enough to apply to family members of bail bondsmen.