The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, AR 71611-8367
Dear Senator Bradford:
I am writing in response to your request for my opinion on the following question:
 Does a conflict of interest exist for an alderman to sit as executive director of a local not-for-profit organization and that organization receive funding for project and administrative funds and HOME Investment Partnership Program funds through the city's Community Housing Development program?
RESPONSE
In my opinion, such dual service is probably permissible under applicable federal law so long as the alderman does not participate in votes relating to the organization.
The HOME Investment Partnerships Act (the "Act"), enacted in 1990 and codified at 42 U.S.C. § 12721 et seq., is a subchapter of the Cranston-Gonzales National Affordable Housing Act, 42 U.S.C. § 12701 etseq. The Act provides that local jurisdictions, upon complying with applicable regulations issued by the Department of Housing and Urban Development ("HUD"), may participate in a program of federal grants or loans to develop low-income housing. See 42 U.S.C.A. § 12746. The Code of Federal Regulations provides that the funds will be reserved for such housing when a participating jurisdiction "enters into a written agreement with the community housing development organization" (CHDO).[1]24 C.F.R. § 92.300(a)(1). Each participating jurisdiction is charged with identifying qualified CHDO's and, if necessary, devoting expenditures to develop the capacity of CHDO's in the jurisdiction.24 C.F.R. § 92.300(b). The regulations specifically provide that up to 5% of a participating jurisdiction's fiscal-year HOME allocation may be used for CHDO "operating expenses" — a category that includes "salaries, wages, and other employee compensation and benefits."24 C.F.R. § 92.208(a).
The scheme just described empowers local officials to select CHDO's, to subsidize their improvement as necessary and to compensate CHDO employees. I gather that the "not-for-profit organization" referenced in your request is, in fact, the CHDO being funded under the Act. Your question, then, is whether an alderman can occupy a paid position as a CHDO executive director while at the same time serving on a body that determines the CHDO's status as such and makes salary determinations. For reasons discussed immediately below, I believe he can probably serve in both positions so long as he abstains from any decision-making related to the CHDO.
As set forth in 24 C.F.R. § 92.356(a): "In the procurement of property and services by participating jurisdictions . . . the conflict of interest provisions in 24 CFR 85.36 and 24 CFR 84.42, respectively apply." The former of these regulations, which relates to the procurement of property or services under a grant, provides in pertinent part:
 No employee, officer or agent of the grantee or subgrantee shall participate in selection, or in the award or administration of a contract supported by Federal funds if a conflict of interest, real or apparent, would be involved. Such a conflict would arise when:
(i) The employee, officer or agent
 (iv) . . . has a financial or other interest in the firm selected for award.
24 C.F.R. 85.36(b)(3) (emphasis added). Similarly, 24 C.F.R. § 84.42, captioned "Codes of conduct," provides in pertinent part:
 The recipient shall maintain written standards of conduct governing the performance of its employees engaged in the award and administration of contracts. No employee, officer or agent shall participate in the selection, award, or administration of a contract supported by Federal funds if a real or apparent conflict of interest would be involved. Such a conflict would arise when the employee, officer, or agent, any member of his or her immediate family, his or her partner, or an organization which employs or is about to employ any of the parties indicated herein, has a financial or other interest in the firm selected for an award.
(Emphasis added.) An alderman who sits as executive director of a CHDO obviously has "a financial or other interest" in that organization. However, nothing in the regulations just quoted suggests that he must absolve himself of that interest in order to avoid an ethical conflict. On the contrary, as reflected in the highlighted passages, the regulations require only that he play no part in the board of aldermen's decision-making with respect to the CHDO.
Finally, I should note that the same conclusion would follow from applying the state common law regarding conflicts of interest.[2] As I stated most recently in Ark. Op. Att'y Gen. No. 2000-072:
 The common law prohibition against conflicts of interest is reflected in the following description of the public policy underlying the principle:
 A public office is a public trust . . . and the holder thereof may not use it directly or indirectly for personal profit, or to further his own interest, since it is the policy of law to keep an official so far from temptation as to insure his unselfish devotion to the public interest. Officers are not permitted to place themselves in a position in which personal interest may come into conflict with the duty which they owe to the public, and where a conflict of interest arises, the office holder is disqualified to act in the particular matter and must withdraw.
 67 C.J.S. Officers § 204. See also Ops. Att'y Gen. 99-349; 98-275; 94-283; and 94-446, citing Van Hovenberg v. Holman, 201 Ark. 370, 144 S.W.2d 719 (1940); Madden v. United States Associates, 40 Ark. App. 143, 844 S.W.2d 374 (1992); Acme Brick Co. v. Missouri Pacific R.R., 307 Ark. 363, 821 S.W.2d 7 (1991); and 63A Am. Jur. 2d Public Officers and Employees § 321.
Application of this principle compels the conclusion that the alderman would only be disqualified from voting on the "particular matter" of the CHDO, not from maintaining his employment with that organization. In my opinion, then, the alderman may occupy both positions so long as he abstains from voting on any issue affecting his employer.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] These funds are reserved in a HOME Investment Trust Fund United States Treasury account established by HUD for each participating jurisdiction, which in turn deposits the funds in a local HOME Investment Trust Fund account. 24 C.F.R. § 92.500(a).
[2] It is unlikely that any state law at variance with the law discussed above would apply. The regulations expressly provide that state and local laws and regulations will apply only to the extent they "conform to applicable Federal law and the standards identified in this section." 24 C.F.R. § 85-36(b)(1). I further believe your request does not implicate the common-law doctrine of "incompatibility," which precludes a public officer from holding another public office if doing so might create a conflict of interest. As I opined in Ark. Op. Att'y Gen. No. 99-052, the doctrine of incompatibility simply does not apply when, as here, the potential conflict involves simultaneously holding a public office (viz., alderman) and a private employment (viz., CHDO executive director).
See Op. Att'y Gen. No. 98-035.