The Honorable Tim Williamson, Prosecuting Attorney Eighteenth West Judicial District Post Office Drawer 109 Mena, AR 71953
Dear Mr. Williamson:
You have presented the following question for my opinion:
 Can an executive office-holder of a city be employed by a contractor of a separate legal entity that serves or provides utility service to the city of which he is the executive officer?
You indicate that your question arises out of a situation in which the mayor of a city serves on the governing board of a water association that provides water to his city and to five other small cities. The water association has contracted to construct a water main that will serve all the communities that are members of the association. The association members have requested that the engineering firm responsible for the construction of the project hire the mayor in question as the project inspector. This mayor is qualified to perform this function and has extensive experience in this profession.
RESPONSE
It is my opinion that the law does not expressly prohibit the mayor from taking the position as project inspector. However, other sources of law concerning conflicts of interest are pertinent to the situation and should be considered. Whether these sources of law would operate to prohibit the mayor from accepting the position as project inspector will turn on the specific facts of the situation. Because I am not authorized to make factual determinations, I am unable to draw a definitive conclusion regarding this matter. Nevertheless, I will discuss the pertinent law.
Your question gives rise to two issues:
 (1) Whether a conflict arises out of the mayor's position as an office-holder of the city; and
 (2) Whether a conflict arises out of the mayor's position on the board of the water association.
I will address these two issues separately.
The Mayor's Position with the City
The statutory provision that is most pertinent to the scenario you have described contains an express exception that permits the situation. That statute is A.C.A. § 14-42-107(b), which states:
 (b)(1) No alderman or council member shall be interested, directly or indirectly, in the profits of any contract for the furnishing of supplies, equipment, or services to the municipality unless the governing body of the city shall have enacted an ordinance specifically permitting aldermen or council members to conduct business with the city and prescribing the extent of this authority.
 (2) The prohibition prescribed in this subsection shall not apply to contracts for the furnishing of supplies, equipment, or services to be performed for a municipality by a corporation in which no alderman or council member holds any executive or managerial office, or by a corporation in which a controlling interest is held by stockholders who are not aldermen or council members.
A.C.A. § 14-42-107(b).
I have previously opined that the above-quoted statute is applicable to the mayor. See Op. Att'y Gen. No. 2002-004. Assuming that the mayor in question does not hold an executive or managerial office with the engineering firm, and does not hold a controlling interest in the firm, he would fall within the express exception stated in A.C.A. §14-42-107(b)(2), above. Thus, the situation is not prohibited by statute.
Nevertheless, the mayor may, depending upon the specific facts of the situation, be prohibited from taking the position under the common law principle of conflict of interest.
The common law prohibition against conflicts of interest is reflected in the following description of the public policy underlying the principle:
 A public office is a public trust . . . and the holder thereof may not use it directly or indirectly for personal profit, or to further his own interest, since it is the policy of law to keep an official so far from temptation as to insure his unselfish devotion to the public interest. Officers are not permitted to place themselves in a position in which personal interest may come into conflict with the duty which they owe to the public, and where a conflict of interest arises, the office holder is disqualified to act in the particular matter and must withdraw.
67 C.J.S. Officers § 204. See also Ops. Att'y Gen. 2001-042; 2000-072; 99-349; 98-275; 94-283; and 94-446, citing Van Hovenberg v. Holman,201 Ark. 370, 144 S.W.2d 719 (1940); Madden v. United States Associates,40 Ark. App. 143, 844 S.W.2d 374 (1992); Acme Brick Co. v. Missouri PacificR.R., 307 Ark. 363, 821 S.W.2d 7 (1991); and 63A Am. Jur. 2d, Public Officers and Employees § 321.
If the specific facts of the situation indicate that by accepting the position of project inspector, the mayor would be unable, by virtue of his personal interest, to uphold his responsibility to the public interest, he should not accept the position. Alternatively, it may be feasible for the mayor to accept the position but abstain from participating in any decision concerning the project for which he is the inspector. See,e.g., Ops. Att'y Gen. Nos. 2001-042; 2000-072.
In addition to the common law principle of conflict of interest, the provisions of A.C.A. § 21-8-304, which codifies certain aspects of the common law principle, should be considered in evaluating the situation you have described. That statute states in pertinent part:
 (a) No public official shall use his position to secure special privileges or exemption for himself, his spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he has a substantial financial relationship that is not available to others except as may be otherwise provided by law.
A.C.A. § 21-8-304.
The Mayor's Position on the Board of the Water Association
The question of whether a statutory conflict arises out of the mayor's position on the board of the water association will depend entirely upon the statutory authority under which the association was created. The statutes governing the water association may or may not include a provision expressly prohibiting board members from having an interest in any contract with the association. Some statutes authorizing water associations do include such explicit prohibitions. See, e.g., A.C.A. §14-88-309. Because I have not been informed as to the statutory authority under which the water association in question was created, I am unable to opine on this point.[1]
However, regardless of which statutes govern, the situation will still be subject to the common law conflict of interest principle, discussed above. Concerns arising out of that principle must therefore be considered in evaluating the situation.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] I must also note that the statutory authority under which the water association was created could make a difference as to whether it is permissible for the mayor to serve on the board of the association under the principles that govern dual office-holding. In some instances, this dual service may give rise to incompatibility concerns. For a discussion of this issue, see Op. Att'y Gen. No. 94-102.