The Honorable Shane Broadway State Representative 201 S.E. 2d Street Bryant, AR 72022-4025
Dear Representative Broadway:
I am writing in response to your request for my opinion on the following question:
 1. Is it a violation of Ark. Code of 1987, Section 14-14-1202(a) 
(c)(1)(A), for a member of the county quorum court to perform dirt work for a new county library building, if the quorum court member is the owner of the company that is performing the work as a subcontractor under a bid to the general contractor?
 2. If the answer to question 1 is yes, can the quorum court member complete the dirt work if he resigns his office?
RESPONSE
With respect to your first question, absent quorum-court approval based upon "unusual circumstances," I believe it would constitute a clear conflict of interests for a quorum court member to perform contractual services for the county, even if he performs those services indirectly as a subcontractor. With respect to your second question, assuming the conflict of interests existed at the time the contract was formed, I believe the quorum court member could not avoid the conflict by resigning.
Question 1: Is it a violation of Ark. Code of 1987, Section 14-14-1202(a) (c)(1)(A), for a member of the county quorum court to perform dirtwork for a new county library building, if the quorum court member is theowner of the company that is performing the work as a subcontractor undera bid to the general contractor?
As noted above, I believe the answer to this question is "yes."
Section 14-14-1202 of the Arkansas Code (Repl. 1998) provides in pertinent part:
 (a) PUBLIC TRUST. The holding of public office or employment is a public trust created by the confidence which the electorate reposes in the integrity of officers and employees of county government. An officer or employee shall carry out all duties assigned by law for the benefit of the people of the county. The officer or employee may not use his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest or that of an immediate member of his family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally.
* * *
 (c)(1) RULES OF CONDUCT. No officer or employee of county government shall:
 (A) Be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or accept or receive any property, money, or other valuable thing, for his use or benefit on account of, connected with, or growing out of any contract or transaction of a county. If, in the purchase of any materials, supplies, equipment, or machinery for the county, any discounts, credits, or allowances are given or allowed, they shall be for the benefit of the county. It shall be unlawful for any officer or employee to accept or retain them for his own use or benefit[.]
(Emphasis added).
This provision was originally enacted in 1977 as a part of the County Government Code. The original language was later amended by Acts 1989, Nos. 352 and 681, to permit officers and employees of the county to conduct business with the county. The following language now appears at A.C.A. § 14-14-1202(c)(2):
 (A) If the quorum court determines that it is in the best interest of the county, the quorum court may by ordinance permit the county to purchase goods or services directly or indirectly from quorum court members, county officers, or county employees due to unusual circumstances. The ordinance permitting such purchases must specifically define the unusual circumstances under which such purchases are allowed and the limitations of such authority.
 (B) Any quorum court member having any interest in the goods or services being considered under these procedures shall not be entitled to vote upon the approval of such goods or services.
(Emphasis added.)
Although the county contract at issue would be with a general contractor, not with the subcontractor, I believe the quorum court member nevertheless would have at least an indirect interest in a general contract whose partial execution by his company would benefit him financially. Compare Ark. Op. Att'y Gen. No. 2000-088 ("In my opinion, the employee of an organization that has contracted to supply goods or services to a county has an indirect interest in the contract as contemplated in the statute."). The question thus becomes whether the quorum court, without the participation of the quorum court member at issue, might by ordinance approve his performing the work due to "unusual circumstances." Although this question is ultimately one of fact, I believe a reviewing court would almost certainly conclude that there is nothing "unusual" in a general contractor retaining a subcontractor to do "dirt work."
Although you do not mention them in your question, various other provisions of law potentially bear on your request. For instance, A.C.A. § 21-8-304(a) (Supp. 2001) provides:
 No public official or state employee shall use or attempt to use his or her official position to secure special privileges or exemption for himself or herself or his or her spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he or she has a substantial financial relationship that is not available to others except as may be otherwise provided by law.
Specifically with respect to the activities of a quorum court member, A.C.A. § 14-14-1205(c) (Repl. 1998) further provides:
 No justice of the peace shall receive compensation as a county employee or deputy, nor shall any justice receive compensation or expenses from funds appropriated by the quorum court for any services performed within the county, other than as provided by this subchapter.
In my opinion, the quorum court member's compensation for doing the proposed "dirt work" would clearly qualify as "compensation . . . from funds appropriated by the quorum court," which represents the ultimate source of financing for the project. Accordingly, I believe the proposed employment would run afoul of A.C.A. § 14-14-1205(c). Compare Ark. Op. Att'y Gen. No. 95-027 (opining that the employee of a landfill authority financed through the quorum court could not continue to receive his salary and simultaneously serve on the court).
Finally, your question implicates the doctrine of common law conflicts of interests, which provides:
 A public office is a public trust . . . and the holder thereof may not use it directly or indirectly for personal profit, or to further his own interest, since it is the policy of law to keep an official so far from temptation as to insure his unselfish devotion to the public interest. Officers are not permitted to place themselves in a position in which personal interest may come into conflict with the duty which they owe to the public, and where a conflict of interest arises, the office holder is disqualified to act in the particular matter and must withdraw.
67 C.J.S. Officers § 204 (emphasis added). See also Ark. Ops. Att'y Gen. Nos. 99-449, 98-275, 94-283, and 94-446, citing Van Hovenberg v. Holman,201 Ark. 370, 144 S.W.2d 719 (1940); Madden v. United States Associates,40 Ark. App. 143, 844 S.W.2d 374 (1992); Acme Brick Co. v. MissouriPacific R.R., 307 Ark. 363, 821 S.W.2d 7 (1991); and 63A Am. Jur. 2dPublic Officers and Employees § 321. In my opinion, the proposed employment would clearly violate this principle, since the quorum court member would be in the position of monitoring his own performance under the contract.
Question 2: If the answer to question 1 is yes, can the quorum courtmember complete the dirt work if he resigns his office?
I believe the answer to this question is "no."
As my predecessor noted in Ark. Op. Att'y Gen. No. 95-230: "[N]othing in the law prohibits a quorum court member from resigning his position and pursuing any employment or occupation." However, I believe this premise would be significantly qualified if, as your question suggests, the quorum court member were to resign in order to continue an employment he had initially undertaken during his term of service in violation of ethical proscriptions. The impropriety underlying any such contract flows from a presumption that the interests of the county either have been or impermissibly appear to have been subordinated to the interests of a county official. In my opinion, for the official to resign only to continue benefiting from an improperly negotiated contract would not cure the impropriety.
The situation you describe is analogous to the one at issue in Opinion No. 95-230, in which my predecessor addressed whether a quorum court member, in his capacity as a committee chair, might without conflict "furnish the facts and figures to get a contract for a contractor" and then later resign to work for the contractor. My predecessor opined that the provisions of A.C.A. §§ 14-14-1202 and 21-8-304(a)] would render such conduct problematic "if the quorum court member, while in office, acted with corrupt intent in facilitating the contract." In my opinion, this premise might be stated even more broadly as follows: irrespective of intent, if a conflict of interests involving a quorum court member's provision of contractual services existed at the time the contract was executed, that conflict cannot be resolved by the quorum court member's resignation in order to continue providing the services. See Ark. Op. Att'y Gen. No. 95-230 ("[P]ayments under a public contract, with respect to which one or more members of the public body acted unlawfully in approving the contract, may amount to illegal exactions under Ark. Const. art. 16, § 13.").
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:JD/cyh