The Honorable Randy Laverty State Senator P.O. Box 165 Jasper, AR 72641
Dear Senator Laverty:
 You have requested my opinion concerning the appointment of commissioners to county airport commissions. Your questions are:
 (1) Can a person serve as a commissioner if the person has a business interest which is related to or regulated by the airport where he or she will serve?
 (2) What law or regulation takes precedence regarding the appointment of county airport commissioners?
 (3) If a person has a conflict of interest issue, but is otherwise a highly qualified individual, may such person serve as a commissioner?
Although you have not so specified, I will assume that your questions refer to a county airport commission that was created under the authority of A.C.A. § 14-357-101.
RESPONSE
Question 1 — Can a person serve as a commissioner if the person has abusiness interest which is related to or regulated by the airport wherehe or she will serve?
As an initial matter, I must note that you have not specified the particular type of business your question refers to, or the particular manner in which it is "related to or regulated by the airport." I cannot opine definitively in response to your question regarding any particular business without knowing this information. Nevertheless, I can state my general opinion that if the individual's business would be impacted by the decisions of the airport commission, or if it would transact business (e.g., enter into contracts, engage in purchases or sales) with the county, with the airport, or with the commission, the individual cannot serve as an airport commissioner.
You correctly note that the statutes governing county airport commissions (A.C.A. § 14-357-101 through -108) and county airports (A.C.A. §14-358-101 through -102) do not address the questions you have raised. However, the more general county ethics provisions that are applicable to all county officials and employees do address your questions. The applicable statute is A.C.A. § 14-14-1202, which states in pertinent part:
 (a) Public Trust. The holding of public office or employment is a public trust created by the confidence which the electorate reposes in the integrity of officers and employees of county government. An officer or employee shall carry out all duties assigned by law for the benefit of the people of the county. The officer or employee may not use his office, the influence created by his official position, or information gained by virtue of his position to advance his individual personal economic interest or that of an immediate member of his family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally.
 (b)(1) Officers and Employees of County Government Defined. For purposes of this section, officers and employees of county government shall include:
(A) All elected county and township officers;
(B) All district judicial officers serving a county;
 (C) All members of county boards, advisory, administrative, or subordinate service districts; and
(D) All employees thereof.
 (2) Officials who are considered to be state officers or deputy prosecuting attorneys are not covered by this subsection.
 (c)(1) Rules of Conduct. No officer or employee of county government shall:
 (A) Be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or accept or receive any property, money, or other valuable thing, for his use or benefit on account of, connected with, or growing out of any contract or transaction of a county. If, in the purchase of any materials, supplies, equipment, or machinery for the county, any discounts, credits, or allowances are given or allowed, they shall be for the benefit of the county. It shall be unlawful for any officer or employee to accept or retain them for his own use or benefit;
 (B) Be a purchaser at any sale nor a vendor of any purchase made by him in his official capacity;
 (C) Acquire an interest in any business or undertaking which he has reason to believe may be directly affected to its economic benefit by official action to be taken by county government;
 (D) Perform an official act directly affecting a business or other undertaking to its economic detriment when he has a substantial financial interest in a competing firm or undertaking. Substantial financial interest is defined for purposes of this section as provided in Acts 1971, No. 313, § 7 [Repealed].
A.C.A. § 14-14-1202(a)(b)(c)(1) (emphasis added).
In my opinion, the members of a county airport commission constitute "officers and employees of county government," within the meaning of A.C.A. § 14-14-1202, and are therefore subject to its provisions. Those provisions are explicit in prohibiting any type of business relationship — direct or indirect — between county officers and the county or entities of the county. Moreover, the language of the statute is stated broadly enough, in my opinion, to prohibit county officials from having an interest in any business that will be impacted by action of the county or a county entity.
Any county officer or employee who may be subject to the prohibitions of A.C.A. § 14-14-1202 should be cognizant of the consequences of violation:
 (d) Removal from Office or Employment. (1) Court of Jurisdiction. Any citizen of a county or the prosecuting attorney of a county may bring an action in the circuit court in which the county government is located to remove from office any officer or employee who has violated the rules of conduct set forth in this section.
 (2) Suspension Prior to Final Judgment. Pending final judgment, an officer or employee who has been charged as provided in this section may be suspended from his office or position of employment without pay. Suspension of any officer or employee pending final judgment shall be upon order of the circuit court, or judge thereof in vacation.
 (3) Punishment. Judgment upon conviction for violation of the rules of conduct set forth in this section shall be deemed a misdemeanor. Punishment shall be by a fine of not less than three hundred dollars ($300) nor more than one thousand dollars ($1,000), and the officer or employee shall be removed from office or employment of the county.
A.C.A. § 14-14-1202(d).
The statute does provide for one exception to its prohibitions. This exception may or may not be applicable to the situation you have described. The exception is stated as follows:
 (c)(2)(A) If the quorum court determines that it is in the best interest of the county, the quorum court may by ordinance permit the county to purchase goods or services directly or indirectly from quorum court members, county officers, or county employees due to unusual circumstances. The ordinance permitting such purchases must specifically define the unusual circumstances under which such purchases are allowed and the limitations of such authority.
 (B) Any quorum court member having any interest in the goods or services being considered under these procedures shall not be entitled to vote upon the approval of such goods or services.
 (C) If goods or services are purchased under these procedures, the county judge must file an affidavit with the county clerk certifying that each disbursement has been made in accordance with the provisions of the ordinance, together with a copy of the voucher and other documents supporting the disbursement.
A.C.A. § 14-14-1202(2).
I reiterate that without more factual information about the particular business under consideration, I cannot opine as to whether it would be impacted by the provisions of A.C.A. § 14-14-1202, discussed above.
Even if the business in question is not subject to the provisions of A.C.A. § 14-14-1202, the individual in question should be mindful of the following statutory provision:
 (a) No public official shall use his position to secure special privileges or exemption for himself, his spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he has a substantial financial relationship that is not available to others except as may be otherwise provided by law.
A.C.A. § 21-8-304.
The above-quoted statutory provision is essentially a codification of the common law prohibition of conflicts of interest. That prohibition is reflected in the following description of the public policy underlying the principle:
 A public office is a public trust . . . and the holder thereof may not use it directly or indirectly for personal profit, or to further his own interest, since it is the policy of law to keep an official so far from temptation as to insure his unselfish devotion to the public interest. Officers are not permitted to place themselves in a position in which personal interest may come into conflict with the duty which they owe to the public, and where a conflict of interest arises, the office holder is disqualified to act in the particular matter and must withdraw.
67 C.J.S. Officers § 204. See also Ops. Att'y Gen. Nos. 2004-106; 2003-007; 2002-273; 2001-042; 2000-072; 99-349; 98-275; 94-283; and 94-446, citing Van Hovenberg v. Holman, 201 Ark. 370, 144 S.W.2d 719
(1940); Madden v. United States Associates, 40 Ark. App. 143,844 S.W.2d 374 (1992); Acme Brick Co. v. Missouri Pacific R.R.,307 Ark. 363, 821 S.W.2d 7
(1991); and 63A Am. Jur.2d, Public Officers and Employees § 321.
If the individual in question finds that a situation has arisen in which his interests as a business owner conflict with his duties as an airport commissioner, he should abstain from participating in any decision concerning that situation. See, e.g., Ops. Att'y Gen. Nos. 2004-106; 2003-254; 2002-273; 2001-042; 2000-072.
Question 2 — What law or regulation takes precedence regarding theappointment of county airport commissioners?
See response to Question 1.
Question 3 — If a person has a conflict of interest issue, but isotherwise a highly qualified individual, may such person serve as acommissioner?
See response to Question 1.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General