Duke DONAHUE *v.* ARKANSAS DEPARTMENT of HEALTH and HUMAN SERVICES

CA 07-181                                                    260 S.W.3d 334

Court of Appeals of Arkansas
Opinion delivered June 27, 2007

*Dodds, Kidd, Ryan & Moore*, by: *Stephanie A. Chamberlin*, for appellant.

*Gray Allen Turner* and *Melissa Anne Greenslade*, Office of Chief Counsel, for appellee.

*Scott Christopher Bles*, attorney ad litem for the minor child.

D.P. MARSHALL JR., Judge. In 2004, Suzanne and Duke Donahue underwent a contentious divorce. According to Suzanne, the divorce was due to Duke's drug, alcohol, and verbal abuse. The circuit court granted Suzanne custody of their then four-year-old daughter, J.D. The court gave Duke visitation every other weekend and one day each week. In 2006, the circuit court adjudicated J.D. dependent-neglected and found that Duke had sexually abused her. Duke appeals, arguing that the court erred in admitting as evidence a "Report to Prosecuting Attorney" and in finding that he sexually abused his daughter.

The Department of Health and Human Services first contends that we have no jurisdiction to review the adjudication order because it did not result in out-of-home placement, and therefore

is unappealable pursuant to Arkansas Rule of Appellate Procedure – Civil 2(c). By its terms, however, Rule 2(c) is subordinate to new Supreme Court Rule 6-9(a)(1), which allows an appeal from any adjudication order. We have jurisdiction.

Duke argues that the circuit court erred in admitting the Report into evidence for two reasons: it contains hearsay and the results of a computerized voice stress analysis — what the parties call a "CVSA" and what laymen know as a polygraph. As the parties stipulated on appeal, the circuit court admitted the Report into evidence over Duke's objection. The court held "[Ark. Code Ann. § 12-12-514 (Repl. 2003)] says that all the information in the prosecutor's report shall be admitted. And frankly, I want her to admit it."

█ Duke's hearsay argument is correct but waived. The statute provides that the Report is admissible in any child-maltreatment proceeding. Ark. Code Ann. § 12-12-514. And it specifies the contents of the Report and discusses the supporting documents. But the statute does not say that the supporting documents, which contain hearsay, shall be a part of the Report or are admissible into evidence. Because Duke did not make a specific hearsay objection to the Report, however, he waived this error. *Howard v. State*, 348 Ark. 471, 493, 79 S.W.3d 273, 286 (2002); *Acme Brick Co. v. Missouri Pacific R. Co.*, 307 Ark. 363, 366-67, 821 S.W.2d 7, 9 (1991).

Duke's second argument against this Report has merit. After the abuse allegations arose, Duke volunteered to take two computerized voice stress tests because he wanted to clear his name. The expanded Report stated that Duke passed the first test, but "he failed on question number 6 in the second test which asked 'other than what you told me, have you ever placed your mouth on your daughter's vagina[?]' " Duke testified that he was nervous because Suzanne's father appeared right before he took the tests. In any event, the circuit court erred by admitting this Report into evidence because it contained the results of Donahue's CVSAs.

█ Our code prohibits the admission into evidence of psychological stress evaluation results in all courts of this state. Ark. Code Ann. § 12-12-704 (Repl. 2003). Unless the parties agree or circumstances justify their admission, neither the CVSA results nor testimony that directly or indirectly apprises the court of the results is admissible. *Wingfield v. State*, 303 Ark. 291, 296, 796 S.W.2d 574, 576 (1990). Duke did not agree to the CVSA results'

admission. No argument is made that the circumstances justified their admission. Our statute embodies the wisdom that polygraph results are explosive because, as the supreme court has noted, they have an aura of scientific accuracy even though they are inherently unreliable. *Misskelley v. State*, 323 Ark. 449, 473, 915 S.W.2d 702, 715 (1996). We therefore hold that the circuit court abused its discretion by admitting the CVSA results into evidence and that their admission prejudiced Duke. *Jackson v. Buchman*, 338 Ark. 467, 471, 996 S.W.2d 30, 33 (1999).

The Department of Health and Human Services contends that, even without the CSVA results, sufficient evidence supports the circuit court's finding that J.D. was dependent-neglected. The burden of proof in a dependency-neglect proceeding is only a preponderance of the evidence, Ark. Code Ann. § 9-27-325(h)(2)(B) (Supp. 2005), and we will not reverse the circuit court's findings unless they were clearly erroneous. *Phillips v. Arkansas Department of Human Services*, 85 Ark. App. 450, 452, 158 S.W.3d 691, 693 (2004). In addition, we defer to the circuit court's evaluation of the credibility of the witnesses. 85 Ark. App. at 453, 158 S.W.3d at 693.

Here, however, the circuit court made no specific factual findings about the witnesses' credibility or the weight of the evidence. Therefore we do not know exactly what evidence drove the court's decision to adjudicate J.D. dependent-neglected. We do know that the circuit judge was very interested in the CVSA results and hearsay because she stated that she wanted this over-inclusive Report in evidence. In the absence of specific findings, and in light of the highly prejudicial voice stress results, we decline to let this order stand. We therefore reverse and remand for the circuit court to make specific factual findings based only on the admissible evidence.

Reversed and remanded.

GLADWIN and MILLER, JJ., agree.