David L. Gibbons, Prosecuting Attorney Fifth Judicial District Post Office Box 3080 Russellville, AR 72811
Dear Mr. Gibbons:
I am writing in response to your request for my opinion on the following question, which you report having posed on behalf of the Pope County Tax Assessor:
 May one or more employees of a county assessor be lawfully employed on a part-time, after hours basis by the contractor performing countywide mass appraisals? Would such an arrangement violate provisions of A.C.A. 14-14-1202, governing ethical standards for county government officers and employees?
RESPONSE
In my opinion, the answer to both of your questions may well turn on whether the private employment bears in any fashion upon the referenced "countywide mass appraisals." If it does so directly, meaning that the private employment would constitute performance of the contractor's contractual obligations to the county, I believe the private employment would be barred by the provisions of A.C.A. § 14-14-1202 (Supp. 2007). The statute further bars a county employee from benefiting indirectly from a county contract. Only a finder of fact could determine whether the statute applied in any given instance. Finally, depending upon the facts, the common-law prohibition against conflicts of interests might bar the dual employment of any given public employee. *Page 2 
Section 14-14-1202 of the Arkansas Code provides in pertinent part:
 (a)(3) The officer or employee may not use his or her office, the influence created by his or her official position, or information gained by virtue of his or her position to advance his or her individual personal economic interest or that of an immediate member of his or her family or an associate, other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally.
 * * *
 (c)(1) RULES OF CONDUCT. No officer or employee of county government shall:
 (A)(i) Be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or accept or receive any property, money, or other valuable thing for his or her use or benefit on account of, connected with, or growing out of any contract or transaction of a county.
(Emphasis added.) In my opinion, if the assessor's employees were to perform any work for the private contractor bearing in any way upon the "county-wide mass appraisals" the contractor had agreed to perform for the county, the assessor's employees would clearly be barred from accepting the private employment by the highlighted proscription in the statute recited above.
In the event the private employment did not relate directly to the contractor's contractual relationship with the county, the question would remain whether the private employment might entail some indirect benefit to the assessor's employees that might run afoul of the proscriptions contained in the statute. Answering this question will in each instance involve an intense factual inquiry of the sort this office is neither equipped nor authorized to undertake in response to an opinion request. See Ark. Op. Att'y Gen. No. 2001-347 (stressing the factual nature of an inquiry into whether an employee of the Assessment Coordination Department might give private fee appraisals). *Page 3 
The private employment contemplated in your request might further be foreclosed pursuant to A.C.A. § 21-8-108 (Repl. 2004), which provides in pertinent part:
 (a) No public servant shall:
 (1) Receive a gift or compensation as defined in § 21-8-401 et seq.,[1] other than income and benefits from the governmental body to which he or she is duly entitled, for the performance of the duties and responsibilities of his or her office or position [.]
(Emphasis added.) As reflected in the highlighted portion of this statute, this proscription applies only when the outside compensation is for the performance of services an individual would be obliged to perform in the course of his duties as a public employee. Again, the applicability of this statute could be determined only by undertaking a close factual investigation in each particular case.
Also potentially pertinent to your inquiry is the common-law doctrine of conflict of interests, which is aptly described in the following hornbook formulation:
 A public office is a public trust . . . and the holder thereof may not use it directly or indirectly for personal profit, or to further his own interest, since it is the policy of law to keep an official so far from temptation as to insure his unselfish devotion to the public interest. Officers are not permitted to place themselves in a position in which personal interest may come into conflict with the duty which they owe to the public, and where a conflict of interest arises, the office holder is disqualified to act in the particular matter and must withdraw.
67 C.J.S. Officers § 204. See also Ops. Att'y Gen. Nos. 2001-347; 99-449; 98-275, 94-283, and 94-446, citing Van Hovenberg v. Holman,201 Ark. 370, 144 S.W.2d 719 (1940); Madden v. United StatesAssociates, 40 Ark. App. 143, *Page 4 844 S.W.2d 374 (1992); Acme Brick Co. v. Missouri Pacific R.R.,307 Ark. 363, 821 S.W.2d 7 (1991); and 63A Am. Jur. 2d Public Officers andEmployees § 321.
Although this passage speaks solely in terms of officers, as opposed to public employees, this office has in the past applied the doctrine in addressing the conduct of public employees. See, e.g., Opinion No.2001-347. In the just referenced opinion, my predecessor observed:
 Although the common law doctrine of conflict of interest does not expressly prohibit the situation you have described, it does nevertheless provide guidelines for determining whether the situation has been abused, and has, under particular factual circumstances, given rise to an impermissible conflict of interest. The doctrine also provides general guidelines for avoiding an inappropriate situation. In particular, it indicates that a public employee should avoid participating in decisions that would affect his personal interest. . . . Accordingly, the common law doctrine of conflict of interest should be considered in evaluating the situation.
I agree in all respects with this analysis and believe it would apply equally to the situation described in your request. As a general proposition, the common-law proscription would apply in any instance in which an individual's obligations or loyalty to a private employer might conflict with his duties to the public.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] Subsection 21-8-402(7)(A) of the Code (Supp. 2007) defines the term "compensation" as follows:
 "Income" or "compensation" means any money or anything of value received or to be received as a claim for future services, whether in the form of a retainer, fee, salary, expense, allowance, forbearance, forgiveness, interest, dividend, royalty, rent, or any other form of recompense or any combination thereof. It includes a payment made under obligation for services or other value received.