The Honorable George French State Representative 190 Tracy Drive Monticello, AR 71655-3867
Dear Representative French:
You have requested an Attorney General opinion in response to the following questions:
 (1) Is it legal for an employee of the Assessment Coordination Department to engage in the practice of giving private fee appraisals?
(2) If this practice is legal, does it create a conflict of interest?
RESPONSE
Question 1 — Is it legal for an employee of the Assessment CoordinationDepartment to engage in the practice of giving private fee appraisals?
It is my opinion that no provision of state law strictly prohibits an employee of the Assessment Coordination Department (ACD) from engaging in the practice of giving private fee appraisals.[1] However, the practice may give rise to ethical questions under the provisions of A.C.A. §21-8-304.
That statute is part of a set of statutes that address various ethical considerations for state officials and employees.
The pertinent provisions state:
 (b) No public official or state employee shall accept employment or engage in any public or professional activity while serving as a public official which he or she might reasonably expect would require or induce him or her to disclose any information acquired by him or her by reason of his or her official position which is declared by law or regulation to be confidential.
 (c) No public official or state employee shall disclose any such information gained by reason of his or her position, nor shall he or she otherwise use such information for his or her personal gain or benefit.
A.C.A. § 21-8-304(b) and (c).
The question of whether the above-quoted provisions have actually been violated in the situation you have described (or any other situation) is a question of fact. In order to make this factual determination, it would be necessary to investigate whether the employee of ACD has access to information that he or she could use for personal gain in giving private fee appraisals. If so, it would also be necessary to investigate whether, as a factual matter, the employee has used that information in that way. Unless these facts could be established, the employee could not be deemed to have violated any law simply by engaging in the practice of giving private fee appraisals.
Nevertheless, the situation is one that is sufficient to give rise to significant ethical questions.
Question 2 — If this practice is legal, does it create a conflict ofinterest?
The situation you have described is one that could conceivably implicate the common law doctrine of conflict of interest.
The common law prohibition against conflicts of interest is reflected in the following statement:
 A public office is a public trust . . . and the holder thereof may not use it directly or indirectly for personal profit, or to further his own interest, since it is the policy of law to keep an official so far from temptation as to insure his unselfish devotion to the public interest. Officers are not permitted to place themselves in a position in which personal interest may come into conflict with the duty which they owe to the public, and where a conflict of interest arises, the office holder is disqualified to act in the particular matter and must withdraw.
67 C.J.S. Officers § 204. See also Ops. Att'y Gen. Nos. 99-449; 98-275, 94-283, and 94-446, citing Van Hovenberg v. Holman, 201 Ark. 370,144 S.W.2d 719 (1940); Madden v. United States Associates, 40 Ark. App. 143,844 S.W.2d 374 (1992); Acme Brick Co. v. Missouri Pacific R.R.,307 Ark. 363, 821 S.W.2d 7 (1991); and 63A Am. Jur. 2d Public Officers and Employees § 321.
Although the common law doctrine of conflict of interest does not expressly prohibit the situation you have described, it does nevertheless provide guidelines for determining whether the situation has been abused, and has, under particular factual circumstances, given rise to an impermissible conflict of interest. The doctrine also provides general guidelines for avoiding an inappropriate situation. In particular, it indicates that a public employee should avoid participating in decisions that would affect his personal interest. This principle is also reflected in the state Ethics in Contracting Law. See A.C.A. § 19-11-705. Accordingly, the common law doctrine of conflict of interest should be considered in evaluating the situation.
I reiterate that the practice in and of itself is not prohibited by law.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] I am not aware of whether the ACD has any internal policy that would prohibit this practice or that otherwise addresses this issue.