The Honorable David Evans State Representative Post Office Box 856 Searcy, AR 72145-0856
Dear Representative Evans:
You have requested my opinion concerning the permissibility of a fire chief's service as a city alderman. You have specifically requested clarification of Attorney General Opinion No. 2004-069. I understand your question to be:
 If a fire chief receives no compensation for his service, other than the small token amount that is paid to all volunteer firefighters in the department, can the fire chief serve as a city alderman?
RESPONSE
It is my opinion that a fire chief such as you have described, who is not highly compensated for his service as fire chief, can serve as a city alderman.
Your question arises out of Opinion No. 2004-069, which addressed the question of whether a city council member who was also a city volunteer firefighter could receive the same stipend that all firefighters received for attending fire department meetings. I opined that the individual could receive the stipend. In my discussion of the issue, I stated: "[if the individual is the fire chief or is highly compensated as a firefighter, his dual service on the city council and in the fire department may be prohibited by the principles that govern dual office holding."
The statute that governed both that situation and the one you have described is A.C.A. § 14-42-115, which states:
 (a)(1) It is lawful for a volunteer firefighter or a volunteer police officer in any city of the first class, city of the second class, or incorporated town in this state to seek election to, and if elected, to serve as a member of the city council or other governing body of the city or town.
 (2) This service shall not be deemed a conflict of interest and shall not be prohibited by the civil service regulations of any city or town.
 (b) A person may serve and receive compensation as a member of the governing body of any city of the first class, city of the second class, or incorporated town and simultaneously serve as a volunteer firefighter or a volunteer police officer and receive compensation as a firefighter or a police officer.
 (c) The provisions of this section shall not apply after August 13, 1993, to any city having a city administrator form of government.
A.C.A. § 14-42-115.[1]
In analyzing the question that was presented in Opinion No. 2004-069, I relied on the emergency clause of Act 124 of 1981 (the Act from which A.C.A. § 14-42-115 was codified). As I explained, that emergency clause indicates that the Act was intended to apply to volunteer firefighters who receive a "small amount of pay" only when called upon to "render fire service duties." See Acts 1981, No. 124, Emergency Clause. I also relied upon the opinions of two of my predecessors, in which similar issues were discussed. See Ops. Att'y Gen. Nos. 2001-296; 96-025; 95-178.
The discussions and analyses in these and other previous opinions and in Opinion No. 2004-069 all involved situations in which it was presumed that the fire chief, unlike the other volunteer firefighters, was highly compensated. See, e.g., Op. Att'y Gen. No. 2002-023. This office has never addressed the situation you have described, in which the fire chief is not highly compensated.
It is my opinion that in the situation you have described, the fire chief who is not highly compensated would, like other volunteer firefighters who are not highly compensated, fall within the provisions of A.C.A. §14-42-115, and could, therefore, serve as an alderman. Such a fire chief would clearly fall within the intended scope of the statute, as reflected by the Act's emergency clause.
I must point out, however, that the fire chief in question may, in his position as an alderman, be occasionally faced with situations in which he is required to participate in decisions that will directly impact the fire department. In those situations, he could be perceived to have a conflict of interest. Under common law principles concerning conflicts of interest, he should abstain from participating in any decision-making that might divide his allegiance between the interests that are at stake, so as to avoid the temptation of placing a conflicting interest above the interest of those he was chosen to represent. For further illustration and discussion of this issue, see Ops. Att'y Gen. Nos.2004-160; 2004-106; 2001-042; 2000-072; 99-349; 98-275; 94-283; and 94-446, citing Van Hovenberg v. Holman, 201 Ark. 370, 144 S.W.2d 719
(1940); Madden v. United States Associates, 40 Ark. App. 143,844 S.W.2d 374 (1992); Acme Brick Co. v. Missouri Pacific R.R.,307 Ark. 363, 821 S.W.2d 7
(1991); 67 C.J.S. Officers § 204; and 63A Am.Jur.2d, Public Officers and Employees § 321.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
[1] In my opinion, A.C.A. § 14-42-115 supersedes the common law principle of incompatibility, as applied to the fire department personnel to whom it applies. That principle would otherwise prohibit dual service as a city council member and as a member of a fire department that is controlled by the city council. For a discussion of this issue, see Op. Att'y Gen. No. 2004-070.